IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SHARON BROWN, | : | |
| Plaintiff, | : | |
| vs. | : | |
| UNITED STATES OF AMERICA, *et al.*, | : | Civil Action No.: CCB-03-372 |
| | : | (Magistrate Judge Bredar) |
| Defendants. | : | |
| | : | |

...oOo...

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

The United States of America ("U.S."), a defendant herein, by its attorneys, Thomas M. DiBiagio, United States Attorney for the District of Maryland, and John W. Sippel, Jr., Assistant United States Attorney for said District, submits this Memorandum of Law in Support of its Motion to Dismiss or, in the Alternative, for Summary Judgment.

**I.   INTRODUCTION**

Plaintiff Sharon Brown ("Plaintiff") filed this civil action against the defendants, United States Parcel Service ("USPS")[1] and the Mayor and City Council of Baltimore.  Plaintiff is seeking recovery for alleged damages she incurred as a result of a fall which she alleges occurred at a USPS Post Office facility.

Plaintiff's claim against the U.S. must be dismissed because Plaintiff failed to timely file her Complaint within the time period provided by the Federal Tort Claims Act, 28 U.S.C. § 2401(b).

---

[1] As stated in footnote 1 of its Motion to Dismiss or, in the Alternative, for Summary Judgment, the U.S. was substituted as a defendant for the USPS.

## II. STATEMENT OF FACTS

On or about January 5, 2000, Plaintiff allegedly sustained certain injuries due to a fall at the USPS Post Office located at 900 East Fayette Street in Baltimore, Maryland. *See* Complaint, ¶¶ 1-5. On or about January 26, 2000, Plaintiff presented an administrative claim to the USPS in relation to the alleged accident. *See* Declaration of Stanford M. Bjurstrom, ¶ 5, attached hereto as Exhibit 1; Ex. 1, Exhibit A.

On April 20, 2000, the USPS denied Plaintiff's claim and mailed the denial letter, by certified mail, to Plaintiff's counsel. *See* Ex. 1, ¶ 6. The USPS's denial of Plaintiff's administrative claim stated, in relevant part:

> In the event that your client is dissatisfied with the denial and decides to seek redress for her damages in Court, suit must be instituted against the United States of America in an appropriate United States District Court within six (6) months from the date of the denial letter.

*See* Ex. 1, Exhibit B. As shown by the return receipt, Plaintiff's counsel received the letter on April 24, 2000. *See* Ex. 1, ¶ 7. Thereafter, Plaintiff did not file a request for reconsideration. Ex. 1, ¶ 8. Despite being provided with notice of the limitation period in which to file suit, Plaintiff did not file her Complaint until January 3, 2003 - more than thirty-two months after Plaintiff's administrative claim was denied.

## III. ARGUMENT

It is axiomatic that the sovereign cannot be sued without its consent to be sued, *United States v. Sherwood*, 312 U.S. 584, 586 (1941), and the terms of that consent define a federal court's jurisdiction to entertain such suit. *Sherwood*, 312 U.S. at 586-587. The Federal Tort Claims Act

("FTCA") is the exclusive waiver of sovereign immunity for tort actions. *See* 28 U.S.C. § 2671, *et seq.*; *Honda v. Clark*, 386 U.S. 484, 501 (1967).

The FTCA requires that an administrative claim be presented prior to the filing of a civil action. 28 U.S.C. § 2675(a). This requirement is jurisdictional and cannot be waived. *See Ahmed v. United States*, 30 F.3d 514, 516 (4th Cir. 1994); *Gould v. U. S. Dep't of Health and Human Services*, 905 F.2d 738, 741 (4th Cir. 1990); *Henderson v. United States*, 785 F.2d 121, 122 (4th Cir. 1986).

In conjunction with the administrative claim requirement, the applicable statute of limitations of the FTCA provides that:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b). To comply with this statute of limitations, a plaintiff must file an administrative claim within two years after the date her claim accrues *and* file an action within six months after the agency's denial of the administrative claim. *Henderson*, 785 F.2d at 123. *See also Dyniewicz v. United States*, 742 F.2d 484, 485 (9th Cir. 1984); *Schuler v. United States*, 628 F.2d 199, 201 (D.C. Cir. 1980).

This statute of limitations is a condition of the FTCA's waiver of sovereign immunity and courts should not extend the waiver beyond that which Congress intended. *United States v. Kubrick*, 444 U.S. 111, 117-118 (1979).

The impact of this statute of limitations on actions begun later than six months after agency denial has been consistently illustrated in the decisions of federal district courts within the Fourth Circuit. *See Gibbs v. United States*, 34 F. Supp.2d 405, 406 (S.D. W.Va. 1999) (holding plaintiff's suit "forever barred" by failure to file suit within six months of denial of the administrative claim). *See also Piccone v. Moatz*, 136 F. Supp.2d 525, 531 (E.D. Va. 2001); *Laroque v. United States*, 750 F. Supp. 181, 182-183 (E.D. N.C. 1989).

Similarly, appellate courts that have interpreted the FTCA statute of limtations have consistently found it to require that a civil action be filed within six months of a denial of an administrative claim. *See Pitts v. United States*, 109 F.3d 832, 836 (1st Cir. 1997); *Houston v. U.S. Postal Service*, 823 F.2d 896, 902 (5th Cir. 1987); *Willis v. United States*, 719 F.2d 608, 612-13 (2d Cir. 1983); *Carr v. Veterans Admin.*, 522 F.2d 1355, 1357 (5th Cir. 1975).

In the case before this Court, Plaintiff's Complaint fails to set forth allegations concerning the jurisdictional prerequisite of the filing and processing of her administrative claim, and the Complaint could be dismissed on those grounds alone. Indeed, Plaintiff filed an administrative claim, which was denied, but Plaintiff then failed to file her Complaint until more than thirty-two months after the USPS mailed her attorney the denial of her administrative claim. Despite the warning and notice contained in the denial letter, Plaintiff failed to file her Complaint in a timely manner. Accordingly, her claim against the U.S. is barred by the statute of limitations.

## IV.  CONCLUSION

Plaintiff failed to file her Complaint against the U.S. within the time period permitted by the Federal Tort Claims Act.  Accordingly, her claims against the U.S. are barred.  Therefore, Plaintiff's Complaint must be dismissed or, in the alternative, judgment entered in favor of the United States.

Respectfully submitted,

Thomas M. DiBiagio
United States Attorney

By: _____/s/_____
John W. Sippel, Jr.
Assistant United States Attorney
Bar No.  25484
6625 United States Courthouse
101 West Lombard Street
Baltimore, Maryland  21201-2692
Tel:    (410) 209-4812
Fax:   (410) 962-2310

OF COUNSEL:
Stanford Bjurstrom
Attorney
United States Postal Service
Law Department-National Tort Center
P.O. Box 66640
St. Louis, Missouri 63166-6640
Tel:  (314) 872-5120